

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00074-CR

_____

TYRONE DENARD ANDERSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 29512

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

A jury found Tyrone Denard Anderson guilty of possession of cocaine in an amount of one gram or more but less than four grams, with intent to deliver. Pursuant to the jury's finding of "true" to three out of four of the State's enhancement allegations, Anderson was sentenced to life imprisonment.

Anderson's attorney on appeal has filed a brief which states that she has reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history and summarizes the evidence elicited during the course of the proceeding. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal.

We note that in *Anders* cases, "appellate courts have the authority to reform judgments and affirm as modified in cases where there is non reversible [sic] error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). Here, we must modify the judgment by deleting the assessment of court-appointed attorney fees.

Even though the record demonstrated that Anderson was indigent, the trial court's judgment ordered him to pay attorney fees in the amount of $5,535.00, an amount that was also

included in the trial court's bill of costs. Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order an indigent defendant to pay court-appointed attorney fees only if "the court determines that [the] defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). "'[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs'" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

Here, the record is devoid of any determination or finding by the trial court that Anderson had financial resources or was otherwise able to pay his appointed attorney's fees. Thus, the assessment of attorney fees was erroneous and should be removed. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.). Accordingly, we modify the trial court's judgment by deleting the assessment of attorney fees.

Next, in response to counsel's *Anders* brief, Anderson has filed a pro se response in which he argues (1) that the indictment was "constructively amended, in violation of his fifth amendment right," (2) that the evidence is legally insufficient to support the jury's finding of guilt because the testimony of an accomplice witness was insufficiently corroborated, (3) that the trial court erred in failing to give the jury an accomplice witness instruction, (4) that the State's use of previous

3

convictions for enhancement purposes violated his double jeopardy rights, and (5) that both trial and appellate counsel rendered ineffective assistance.

We have independently reviewed the entire record, as well as Anderson's pro se response and the State's response, and we find no reversible error. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). Therefore, with the exception of the improper assessment of court-appointed attorney fees, we conclude that no genuinely arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the trial court's judgment, as modified.[1]


Bailey C. Moseley
Justice


Date Submitted:     May 8, 2015
Date Decided:       May 28, 2015

Do Not Publish

---

[1]Since we agree this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of Anderson in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should Anderson wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.